ECONOMY HOLDING CORPORATION, Respondent, *v.* CITY OF NEW YORK, Appellant.

Order affirmed, with twenty dollars costs and disbursements with leave to the defendant to answer within twenty days from service of order upon payment of said costs. No opinion. Present — Finch, P. J., Merrell, Martin, O'Malley and Glennon, JJ.; Finch, P. J., dissents and votes to reverse and grant motion.

FINCH, P. J. (dissenting). This is an appeal from an order denying a motion by the city to dismiss the complaint. In my opinion the complaint should be dismissed, as the claimant has no right to rescind. Such rescission is barred by laches of approximately four years. On August 19, 1929, the city sold to the plaintiff a piece of property acquired as excess lands in connection with the Allen street condemnation proceeding. The deed contained a covenant of warranty that the property was free and clear of all liens and encumbrances. The plaintiff contends that the covenant has been broken by reason of the fact that the property was subject to the lien of an assessment for benefit against the property amounting to $4,588.92, which is still a lien on the premises. This action was commenced on February 24, 1933, for the return of the purchase price and the cancellation of the bond and mortgage given to the city for the sale of the property. The deed from the city to the plaintiff contained the following provisions: " Provided: that the liability of the City of New York upon such covenants and warranty shall be limited, however, to the return of the purchase price with interest at six per cent. on the payment of the costs and a reasonable counsel fee to be fixed by the Court and taxed in the action or proceeding wherein the City's liability is determined." The city moved to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action in equity and that the plaintiff has an *adequate remedy at law* to sue for breach of covenant for the *amount of the assessment*. The motion was denied. Hence this appeal. It appears that at one time

the plaintiff sought to mandamus the comptroller to cancel the assessment. This court in 234 Appellate Division 214 held that the comptroller was without power so to do. In his opinion Mr. Justice Merrell said: " Furthermore, the petitioner has an adequate remedy at law to determine its rights under the contract of sale, wherein, as above stated, it is provided that the liability of the City of New York upon its covenant and warranty is limited to the return of the purchase price with interest at six per cent and the payment of costs and a reasonable counsel fee to be fixed by the court and taxed in the action or proceeding wherein the City's liability is determined." The plaintiff reads the provision in the deed as an agreement to place the parties in *status quo* in the event of the violation of the covenants. The rights of a grantee where a covenant against encumbrances has been breached by the grantor have been construed so as to limit such a grantee to damages for actual loss sustained. During all the years of quiet possession of the premises the plaintiff has not paid the assessment and it cannot be said that it has sustained any actual loss. There has been no breach in the covenant of seizin. All the plaintiff is entitled to is to recover under the covenant of indemnity and the action should have been brought in law and not in equity for rescission. *Even if the plaintiff were entitled to rescission, such right is barred at this date, close to four years after title passed.* The order should be reversed and the motion to dismiss granted.